**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mykhal Lloyd Polite, | No. CV-25-01574-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| TitleMax of Arizona Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff's "Motion for Leave to File First Amended Complaint" ("Third Motion for Leave to Amend," and "Motion") (doc. 37).[1] The instant Motion was filed on December 29, 2025. *See* (doc. 37.) Plaintiff seeks leave to file a Third Amended Complaint[2] ("TAC") to narrow his legal theories, "[e]liminate [n]on-[a]ctionable and [c]ontextual statutes," and clarify his factual allegations. (*Id.* at 1–2.) The Court will deny the Motion with prejudice because Plaintiff's TAC is futile for failing to state a viable claim upon which relief may be granted.

**I.    Factual Background.**

On April 1, 2025, Plaintiff, proceeding *pro se*, commenced this action by filing his original Complaint against Defendant TitleMax of Arizona, Inc. ("TitleMax"). *See* (doc. 1.) The following facts are taken from Plaintiff's TAC.[3]

Plaintiff's action arises from a settlement agreement between the Parties entered on

---

[1] The Parties consented to magistrate judge jurisdiction on July 15, 2025. (Doc. 20).
[2] While the Motion states "First Amended Complaint," the Court notes that, in fact, this is Plaintiff's Third Amended Complaint. *See* (docs. 1, 11, 26.)
[3] Plaintiff's clean copy of the TAC is missing page 3. *See* (doc. 37-1.)

July 16, 2024, involving a repossessed 2011 Chevrolet Camaro.[4] (Doc. 37-1 at 3.) Under the settlement agreement, Plaintiff would regain possession of the vehicle and take steps necessary to transfer title to Plaintiff. (*Id.*)

On an undisclosed date, Plaintiff retrieved the vehicle. (*Id.*) Plaintiff alleges that he found "the vehicle in a materially damaged condition that differed from the condition previously communicated to Plaintiff." (*Id.*) The damages alleged are mechanical and physical in nature, "including but not limited to damage affecting its operability and ability to pass emissions testing." (*Id.*) Plaintiff alleges that Defendant did not disclose the state of the vehicle to Plaintiff before he regained possession of the vehicle. (*Id.*) Beyond the alleged damage to the vehicle, Plaintiff alleges that Defendant delayed transferring title to the vehicle, which prevented Plaintiff from lawfully registering and driving his vehicle.

**II.   Procedural background**.

On April 1, 2025, Plaintiff commenced this action in the Maricopa County Superior Court. (Doc.1-1 at 3.) This action was subsequently removed to the U.S. District Court for the District of Arizona by Defendant on May 7, 2025. (Doc. 1 at 6.) On May 21, 2025, Plaintiff filed a First Motion for Leave to Amend. *See* (doc. 11.) This motion was denied for failure to comply with LRCiv 15.1 and because of the use of hallucinated cases from purported Artificial Intelligence use. *See* (doc. 25.) Following the Court's denial, Plaintiff simultaneously filed his Second Motion for Leave to Amend on October 6, 2025. (Doc. 26.) The Court denied his Second Motion for Leave to Amend because it was futile and unduly prejudicial to Defendant. *See* (doc. 35.) The Court permitted Plaintiff to file a renewed motion for leave to amend on or before December 26, 2025. (*Id.* at 11.) The instant Motion was filed on December 29, 2025. (Doc. 37.)

**III.   Legal Standards**.

Rule 15 of the Federal Rules of Civil Procedure governs whether the Court should

---

[4]   The Court notes that Plaintiff's proposed Third Amended Complaint omits key facts regarding his case, such as the existence of a title loan agreement between the Parties, the fact that he reserved the right to pursue an action for property damage resulting, and the specific acts Defendant's counsel allegedly took—*e.g.*, his prior assertion that counsel showed him an aged photograph of the care—that supports his averment of fraud. *See* (doc. 35 at 1–2.)

- 2 -

or should not grant leave to amend. *See generally* Fed. R. Civ. P. 15. Under Rule 15, a party may amend its pleadings as a matter of course within 21 days of serving it, or 21 days after service of a responsive pleading or Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Generally, leave to amend is "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality" in normal circumstances. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987) (cleaned up); *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("Rule 15(a) is designed to facilitate decision on the merits, rather than on the pleadings or technicalities.") (cleaned up). While Rule 15 is to be applied with extreme liberality, it does not guarantee leave to amend will be granted. Rather, the decision whether to "grant or den[y] . . . an opportunity to amend is within the discretion of the District Court[.]" *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (citation omitted).

In analyzing whether leave to amend should be granted, the Court applies the following *Foman* factors:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In applying the *Foman* factors, the U.S. Court of Appeals for the Ninth Circuit has clarified that not every factor is weighed evenly. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Specifically, "[p]rejudice is the 'touchstone of the inquiry under rule 15(a).'" *Id.* (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).

Beyond undue prejudice, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile where it does not "present a viable claim on the merits for which relief could be granted[,]" *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014), or "[w]here the legal basis for a cause of action is tenuous[.]" *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

**IV.  Discussion**.

Plaintiff seeks leave to amend so that he may: (1) narrow his legal theories; (2) eliminate non-actionable and contextual statutes; and (3) clarify his factual allegations. (Doc. 37 at 1–2.) Plaintiff supports his Motion by referencing Rule 15's liberal standard and stating that none of the *Foman* factors are present. (*Id.* at 1.) In its Response, Defendant asserts that Plaintiff's Motion should be denied because: (1) Plaintiff's proposed TAC is futile; "Plaintiff improperly seeks damages which he intended to release in the settlement agreement"; and (3) because he neither attached the settlement agreement[5] nor averred how Defendant breached said agreement. (Doc. 38 at 1–4.) Additionally, the Court notes that Plaintiff's Motion is untimely under this Court's prior order. *Compare* (doc. 35) *with* (doc. 37). Accordingly, the Court will address: (1) whether the untimeliness of Plaintiff's Motion necessitates denying it; (2) whether Plaintiff's TAC is futile; and (3) whether the damages sought are improper.

  1.  *Untimely Motion*.

As an initial matter, the Court notes that Plaintiff's Motion is untimely. Plaintiff was given until December 26, 2025, to file a renewed motion for leave to amend. (Doc. 35 at 11.) Plaintiff did not file the instant Motion until December 29, 2025. *See* (doc. 35.) The Court puts Plaintiff on notice that he must *file* motions by the deadline. *See* Fed. R. Civ. P. 6. Signing and mailing by the deadline is insufficient; Rather, Plaintiff has an obligation to file motions and notices by the deadline, especially considering "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d

---

[5]  Defendant appends the settlement agreement to their Response. *See* (doc. 38-1.)

565, 567 (9th Cir. 1987), *overruled on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Although Plaintiff's Motion is late, the Court will not deny it on procedural grounds. This is because the Court finds that Plaintiff's untimely motion was due to excusable neglect.[6] However, going forward, Plaintiff is warned that he must *file* motions by the deadline. Signing a motion or mailing a motion by the deadline is *insufficient*.

2. *Futility*.

The Court will next address whether Plaintiff's TAC is futile. Plaintiff's TAC asserts the following counts: (a) breach of contract; (b) violations of the Arizona Consumer Fraud Act ("ACFA"); and (c) negligence. (Doc. 37-2 at 6–7.) The Court will address each count in turn.

a. Count One: Breach of Contract.

In his first count, Plaintiff alleges that Defendant's breached the settlement agreement by delivering the vehicle in a damaged condition and failing to timely transfer title to the vehicle. (*Id.* at 6.) To succeed on a breach of contract claim under Arizona law, a party "must show that an enforceable contract exists, that it was breached, and that the plaintiff suffered damages." *Williams v. Alhambra Sch. Dist. No. 68*, 234 F. Supp. 3d 971. 984–85 (D. Ariz. 2017) (citing *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975)).

Viewing the facts in the light most favorable to Plaintiff, he has failed to present a viable claim for which relief could be granted. This is because, as an initial matter, Plaintiff's TAC does not establish that an enforceable settlement agreement exists. While Plaintiff references a settlement agreement between the Parties, he does not attach a copy of the agreement to the TAC. Instead, Plaintiff solely states that "[u]nder the settlement,

---

[6] "When an act may or must be done within a specified time, the court may, for *good cause*, extend the time . . . on motion made after the time has expired if the party failed to act because of *excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). "The determination of excusable neglect takes into account: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith." *De La Rosa v. Costco Wholesale Corp.*, No. 21-CV-1630-W-BGS, 2022 WL 2541273, at *2 (S.D. Cal. July 6, 2022) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Defendant agreed to return possession of the vehicle to Plaintiff and take the steps necessary to transfer title[.]" (Doc. 37-2 at 3.) This singular reference to a purported settlement agreement in the TAC is insufficient to establish that an enforceable contract existed.[7]

Second, Plaintiff's TAC, were it to be adopted, does not establish that Defendant "breached" a purported settlement agreement. *See Williams*, 234 F. Supp. at 984–85. First, under the sole purported provision of the agreement, Defendant's only obligation was to return the vehicle and transfer title. *See* (doc. 37-2 at 3.) This, under the TAC, Defendant did. (*Id.*) (noting that Defendant did in fact transfer the vehicle and title—albeit allegedly late). So, Defendant complied with its two purported requirements: (a) return possession; and (b) transfer title. Regarding the averred delay in transferring the vehicle, Plaintiff does not allege a deadline for the vehicle to be transferred *nor a date when the vehicle and title were transferred*. *See* (*id.*) Without these crucial facts, the Court is unable to ascertain whether there was a late transfer of title. Because it would require the Court and opposing party to intuit crucial facts regarding a contract and the state of affairs in this action, Plaintiff's breach of contract claim is futile for failing to state a claim upon which relief may be granted.

    b. <u>Count Two: Violation of ACFA</u>.

Plaintiff's ACFA claim is futile for failure to state a claim upon which relief may be granted. Such finding should not be of surprise considering that this is Plaintiff's second attempt to raise an ACFA claim. Specifically, in Plaintiff's proposed Second Amended Complaint ("SAC"), Plaintiff asserted an ACFA violation which the Court found insufficient. *See* (doc. 35 at 9–10.) Although Plaintiff's ACFA claim in this TAC does not perfectly mirror the ACFA claim in his SAC, both versions of his ACFA are legally insufficient because the ACFA does not apply to settlement agreements. As this Court has already stated:

---

[7] While Defendant appends a copy of the settlement agreement to their Response, this fact does not remedy Plaintiff's failure to sufficiently allege that an enforceable agreement existed.

- 6 -

>Under Arizona law, the use of "any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, . . . with intent that others rely on such [act], in connection with the sale or advertisement of any merchandise . . . [is] unlawful." A.R.S. § 44-1522(A).
>
>Viewing the facts [of Plaintiff's proposed Complaint] in the light most favorable to [him], the Court finds that he has failed to present a viable ACFA claim because, under the plain and unambiguous terms of the Act, it does not apply to settlement agreements. Under both federal and state precedent, where "the words of a statute are unambiguous, the 'judicial inquiry is complete.'" *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)); *State v. Serrato*, 568 P.3d 756, 759 (Ariz. 2025) ("If a statute's text is clear and unambiguous, it controls unless it results in an absurdity or a constitutional violation."). Turning to the text of the ACFA, the Act only applies to advertisements and sales. *Id.* Starting with advertisements, the Act defines an advertisement as "the attempt by publication, . . . oral or written, to induce directly or indirectly any person to enter into any obligation or acquire any title or interest in any merchandise." A.R.S. § 44-1521(1). Next, the Act defines sales as "any sale, offer for sale or attempt to sell any merchandise for any consideration, including sales, leases and rentals of any real estate subject to any form of deed restriction imposed as part of a previous sale." A.R.S. § 44-1521(7). So, on its face, the ACFA is clear that a settlement agreement—and the negotiations leading to that agreement—is neither an advertisement nor a sale. Because Plaintiff fails to present a viable claim upon which relief may be granted, his ACFA count is futile.

(Doc. 35 at 9–10.)

The Court finds no reason to deviate from its prior holding. Accordingly, Plaintiff's ACFA is futile for failure to state a claim.

    c.  <u>Count Three: Negligence</u>.

The Court finds that Plaintiff's negligence fails to state a claim upon which relief may be granted, and is accordingly futile. A negligence claim under Arizona law requires: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007).

Plaintiff's TAC fails to aver all the required negligence elements—*i.e.*, duty, breach,

causation, and damages as required for a negligence claim. Specifically, Plaintiff has not sufficiently alleged that Defendant breached a duty of care—regardless of whether a duty existed. *See Sanders v. Alger*, 394 P.3d 1083, 1085–86 (Ariz. 2017) (noting Arizona state courts' aversion to basing decisions on broad statements of general duties owed to all persons). Plaintiff has not alleged sufficient evidence that he had any right to the vehicle before reaching a settlement agreement.[8] Consequently, Plaintiff cannot allege that Defendant breached a duty regarding the vehicle because he had no right to the vehicle before regaining the vehicle.

Furthermore, Plaintiff has not asserted sufficient facts in his TAC to determine whether a breach of duty occurred regarding the transfer of title. Accordingly, the Court agrees with Defendant that Plaintiff's negligence claim is merely "an unadorned, the Defendant unlawfully-harmed-me accusation." (Doc. 38 at 7) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because of this, Plaintiff's negligence claim is futile.

    3. *Improperly Sought Damages*.

As a final matter, the Court finds Defendant's assertion that Plaintiff cannot recover consequential damages well plead. See (doc.38 at 8.) Under Arizona state law, settlement agreements are contracts governed by contract law. *See Emmons v. Super. Ct. in & for Cnty. of Maricopa*, 968 P.2d 582, 585 (Ariz. App. 1998); *see also Hisel v. Upchurch*, 797 F. Supp. 1509, 1518–19 (D. Ariz. 1992) ("An agreement to settle a legal dispute is a contract governed by the principles of contract law."). In analyzing the Parties' settlement agreement, the Court does not find any unconscionability, unilateral or mutual mistake, or fraud that would make the agreement and its provision unenforceable. Because of this and considering that Plaintiff has waived seeking "economic or emotional damages," (doc. 38 at 9), Plaintiff is unable to assert a claim for consequential damages. Therefore, any claim

---

[8] As Defendant and this Court's prior Order has noted, Plaintiff's vehicle was repossessed. During this time, Plaintiff did not have either an express or implied agreement that the vehicle would be returned to Plaintiff. "When Plaintiff defaulted on the loan, Defendant—as the secured party—had the right to take possession of the collateral and dispose of the collateral by sale or lease, so long as that disposition was reasonable. A.R.S. §§ 47-9609(A)(1), 47-9610(A)." (Doc. 35 at 9.)

for consequential damages is futile.

**V.    Conclusion**.

For the foregoing reasons, the Court finds that Plaintiff's TAC is futile for failing to present viable claims upon which relief may be granted. Therefore, the Court will deny Plaintiff's Motion for Leave to Amend. Because this was Plaintiff's third attempt to amend his Complaint, the Court will *not* grant leave to amend. *See Sanchez v. Arpaio*, No. CV 06-0571-PHX-DGC-HCE, 2006 WL 1418562, at *1 (D. Ariz. May 22, 2006) ("The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. . . . The failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend.").

**VI.    *Sua Sponte* Motion for Summary Judgment**.

As a final matter, the Court notes that it is not likely to find any of Plaintiff's remaining claims sufficient based on the law and facts involved in this matter. Consequently, the Court considers *sua sponte* dismissal of Plaintiff's claims pursuant to Rule 56(f).

"[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); Fed. R. Civ. P. 56(f)(3) ("After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). "*Sua sponte* grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue." *Norse v. City of Santa Cruz*, 629 F.3d 966, 971–72 (9th Cir. 2010) (citation omitted). "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Portsmouth Square Inc. v. S'holders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985).

Because Plaintiff's breach of contract, negligence, and ACFA claims are legally

deficient for the reasons stated herein, and because his averments of fraud[9] and other violations of Arizona state statutes[10] in his operative Complaint are likely legally and factually insufficient, the Court shall Order Plaintiff to brief why his claims should not be summarily dismissed pursuant to Rule 56(f). In this brief, and at the Parties' Case Management Conference, Plaintiff should be prepared to address the following:

1) Why A.R.S. §§ 28-2131, 28-2134 are at all relevant considering that these statutes apply to liens and encumbrances?

2) Why A.R.S. § 28-2060 is relevant to your claims considering that you, the Plaintiff, are the transferee,—*i.e.*, person receiving—meaning that the 30-day requirement does not apply to Defendant?

3) Why A.R.S. § 47-2718, which relates to liquidated damages, applies to a settlement agreement that does not contain a liquidated damages clause?

4) Why you could rely upon Defendant's counsel's representations during settlement negotiations, considering, "as a matter of law and common sense," you "had no right to rely" upon representations from attorneys opposing you? *See Linder v. Brown & Herrick*, 943 P.2d 758, 765 (Ariz. Ct. App. 1997).

5) What duty did Plaintiff owe you under Arizona Law? And how did Defendant breach that duty?

6) In what way did Defendant breach the settlement agreement, considering that it did not require them to transfer the vehicle in a certain condition?

//

---

[9] To state a claim for fraud under Arizona state law, a party must sufficiently plead:

(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably calculated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the right to rely on it, and (9) a consequent and proximate injury.

*SPUS8 Dakota LP v. KNR Contractors LLC*, 641 F. Supp. 3d 682, 691 (D. Ariz. 2022). Plaintiff fails to sufficiently allege all nine factors.

[10] Plaintiff's reliance upon A.R.S. §§ 28-2060, 28-2131, 28-2134, 47-2718 do not appear applicable because this matter does not involve a lienholder, Plaintiff is the transferee, and there is not a liquidated damages provision in the settlement agreement.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (doc. 37) is **DENIED** as futile.

**IT IS FURTHER ORDERED** that Plaintiff shall not be permitted further leave to amend his Complaint.

**IT IS FURTHER ORDERED** that the Court will Order that Plaintiff, on or before **FEBRUARY 27, 2026**, show cause in writing why all claims against Defendant should be dismissed pursuant to Rule 56(f)(3). Nothing in this Order shall prevent Defendant from filing a contemplated Rule 56 Motion for Summary Judgment before that date. Plaintiff should be prepared to discuss this matter during the scheduled Case Management Conference on January 26, 2026.

**IT IS FURTHER ORDERED** that, in light of the Parties' Joint Case Management Report (doc. 39), the Parties may appear telephonically for the January 26, 2026, Case Management Conference. The Parties are directed to call (855) 244-8681 and use access code 2302 321 0604 five minutes before the hearing. It is defense counsel's responsibility to arrange for Plaintiff to appear telephonically.

**IT IS FURTHER ORDERED** that the Parties shall dial into the number provided at least **FIVE MINUTES PRIOR TO THE HEARING**.

Dated this 23rd day of January, 2026.

Honorable John Z. Boyle
United States Magistrate Judge